J-S23038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                            :           PENNSYLVANIA
                                                             :

                    v.                                               :
                                                             :
                                                             :

TIMOR MITCHELL                                        :
                                                             :
                    Appellant                         :      No. 2270 EDA 2023

Appeal from the Judgment of Sentence Entered April 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002896-2022

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:            **FILED JANUARY 10, 2025**

Appellant Timor Mitchell appeals from the judgment of sentence imposed following his convictions of aggravated assault and related crimes stemming from an incident at a beer distributor. We affirm.

The trial court offered the following factual history of this matter:

> On March 17, 2022, at 8:45pm, Appellant entered a business located at 2517 W. Girard Avenue. Notes of Testimony (hereinafter "N.T."), 2/1/23 at 33-37. Immediately thereafter, Subhsub Tehlan (hereinafter "Mr. Tehlan") the owner of the store requested Appellant leave the premises, as he had informed the Appellant on March 14, 2022 to "leave the business, and not come back." **Id**. When Appellant failed to comply, Mr. Tehlan retrieved a wooden baseball bat and forced Appellant towards the front door. At that point, Appellant pulled a handgun from his bag, placed it at Mr. Tehlan's stomach and said "give me the money" several times. **Id**. at 30-32. Appellant forced Mr. Tehlan towards the cash register and a struggle ensued, causing the handgun to discharge. **Id**. at 43.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Police responded to the location in response to calls "for a robbery in progress - point of gun." *Id*. at 50. Upon arrival they found Mr. Tehlan holding the Appellant at gunpoint. *Id*. at 52. Mr. Tehlan was not shot during the incident, but sustained injuries to his right hand during the struggle for the firearm. From these injuries, he underwent surgery and physical therapy. *Id*. at 40-42. Police recovered video footage of the incident (with sound) and Appellant was subsequently arrested. Appellant did not have a license to carry a firearm on the date of [the] incident as presented in Commonwealth exhibit C8. The parties stipulated that Appellant was unable to possess a firearm due to a conviction of a qualifying non-possessory offense.

Trial Court Opinion, 11/1/23, at 2-3.

On January 3, 2023, Appellant underwent a mental health evaluation to determine his competency to stand trial. The psychiatrist determined Appellant was competent and the matter was scheduled for trial on February 1, 2023.

At the proceedings on February 1, 2023, defense counsel requested an additional competency examination. The trial court conducted an extensive colloquy, determined that Appellant was competent to waive his right to a trial by jury, and commenced a waiver trial. The trial court convicted Appellant of aggravated assault, robbery, possession of firearm prohibited, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, criminal attempt, possession of an instrument of crime, criminal mischief, simple assault, and recklessly endangering another person.[1] On April 14,

_____

[1] 18 Pa.C.S. §§ 2702, 3701, 6105, 6106, 6108, 901, 907, 3304, 2701, and 2705, respectively.

2023, the trial court sentenced Appellant to serve an aggregate term of incarceration of twelve to twenty-four years. Appellant's post-sentence motions were denied, and this timely appeal followed.

Appellant presents the following issues for our review:

I. Did the lower court abuse its discretion when it denied defense counsel's request for a competency evaluation the morning of trial?

II. Did the lower court abuse its discretion when it accepted [Appellant's] waiver of his right to a jury trial?

III. Was the evidence sufficient to prove robbery and aggravated assault, where the Commonwealth did not prove that [Appellant] had the specific intent to cause serious bodily injury or to take the victim's property?

Appellant's Brief at 4 (suggested answers omitted).

Appellant first argues that the trial court erred in denying defense counsel's request for an additional competency examination on the morning of Appellant's trial. *See* Appellant's Brief at 10-13. Appellant asserts that, even though Appellant had been the subject of a psychiatric exam four weeks prior to trial, the trial court abused its discretion in denying an additional competency examination in light of Appellant's apparently confused behavior at the proceedings. Basically, Appellant contends the trial court erred in failing to grant a continuance in order to allow a second competency examination.

"The matter of granting or denying a continuance is within the discretion of the trial court." ***Commonwealth v. Sandusky***, 77 A.3d 663, 671 (Pa. Super. 2013) (citation omitted). "[T]rial judges necessarily require a great

deal of latitude in scheduling trials." *Id*. (citation omitted). "Accordingly, a trial court exceeds its constitutional authority only when it exercises its discretion to deny a continuance on the basis of an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Id*. at 671-72 (citation and quotation marks omitted).

Pursuant to the Mental Health Procedures Act, a defendant must be competent in order to be tried, convicted, or sentenced. 50 P.S. § 7402(a). A defendant is presumed to be competent to stand trial. *Commonwealth v. Brown*, 872 A.2d 1139, 1156 (Pa. 2005). The burden is on the defendant to prove that he was incompetent to stand trial. *See id*. To do so, he must establish that "he was either unable to understand the nature of the proceedings against him or to participate in his own defense." *Id*.

> Competency to stand trial is measured by the relationship between counsel and client: To be deemed competent, the defendant needs to have the ability to consult with counsel with a reasonable degree of understanding, in order to participate in his defense, and he must be able to understand the nature or object of the proceedings against him. The focus is properly on the defendant's mental capacity, *i.e.*, whether he has the ability to understand the proceedings.

*Commonwealth v. Blakeney*, 108 A.3d 739, 752 (Pa. 2014) (citations omitted). We review a trial court's determination regarding a defendant's competency for abuse of discretion. *Commonwealth v. Bomar*, 826 A.2d 831, 860 (Pa. 2003).

In addressing this claim, the trial court offered the following:

As background, the [trial c]ourt notes that there was, in fact, a pre-trial determination of Appellant's competency. On January 4, 2023 - less than 30 days prior to trial in this matter- John S. O'Brien II, M.D., J.D. (hereinafter "Dr. O'Brien") evaluated the Appellant. In his report, Dr. O'Brien states:

> [Appellant] is specifically aware of his current circumstances and able to appropriately communicate about them sufficiently so as to be able to understand the nature and object of legal proceedings and participate and assist in them. Should the Court find that he experiences difficulty in achieving his expressed goal of pleading guilty in exchange for resumption of psychiatric and substance use disorder treatment and programming, [Appellant] could certainly be re-referred for an evaluation

*See* Exhibit A- Mental Health Evaluation (1/04/23).

As set forth above, the burden to establish incompetency rests with the individual seeking an order directing an incompetency examination. Appellant did not object to the findings of such pre-trial evaluation before trial began and brought no motions at the outset of trial in this matter. N.T. 2/21/23 at 4. **The record reflects that this [c]ourt based its determination of Appellant's competency on its own observations, the colloquies of Appellant, as well as the medical conclusions cited by Dr. O'Brien**. *Id*. at 26. As such, Appellant's claim that this court denied his request for a competency examination before trial is factually false.

Trial Court Opinion, 11/1/23, at 4-5 (emphasis added).

Upon review of the record, we agree that Appellant presented no affirmative evidence that he was not competent to stand trial in February 2023, and did not object to the findings in his pretrial competency evaluation. The only evidence presented at the time defense counsel requested an additional competency exam was counsel's attestation that Appellant "seemed to [have] genuine confusion" and counsel's statement that he was "not

entirely comfortable at this moment." N.T., 2/1/23, at 6-7. Consequently, the trial court summoned Appellant to the courtroom stating, "All right, [defense counsel]. Afford me an opportunity to colloquy [Appellant] on this issue." The trial court then initiated a colloquy concerning Appellant's jury trial waiver decision, during which defense counsel reiterated that "[Appellant] is continuing to express – he's saying he's continuing to be confused. I think it's genuine." *Id*. at 20.

However, the record reflects that Appellant had no trouble participating in the colloquy and answering questions pertaining to his personal history, mental health issues, and current prescription medications. *See id*. at 7-10. Appellant also confirmed that he was not under the influence of any illegal drugs or alcohol. *See id*. at 10. Thereafter, the trial court expended great effort in explaining to Appellant the differences between a jury trial and a nonjury trial. *See id*. at 11-21. During this period, the trial court answered nuanced questions posed by Appellant including: "So when the 12 people make a decision, where are you going to be at?" and "How can a person from the community know about the law, right?" *Id*. at 13, 16. When the trial court answered Appellant's various questions and offered clarification concerning the distinctions between jury and nonjury trials, Appellant consistently answered in the affirmative that he understood the explanations. *See id*. at 11-21. At one point the trial court asked, "But you do understand

the difference between the two, right?" and Appellant responded, "Yeah. You explained it to me. I heard you like two times." *Id*. at 18-19.

After the colloquy, the trial court noted, "I have had no evidence that your client is confused. I think he has clarity on the difference between a waiver and a jury trial[.]" *Id*. at 21-22. The trial court did acknowledge Appellant's apparent limitations stating, "I agree that your client is slightly -- you know -- just a little challenged, and things have to be explained to him slower for more clarity[.]" *Id*. at 22. However, the court further concluded, "Well, I absolutely agree with the mental health evaluation, where they say he is able to appropriately communicate sufficiently to be able to understand the nature and object of the legal proceedings. He understands." *Id*.

On this record, we conclude the trial court correctly denied Appellant's request for a pretrial competency/mental health evaluation. Appellant's answers were clear and understandable throughout the waiver colloquy, and he presented no evidence on the issue of his incompetency other than the fact that counsel had concerns regarding possible confusion. *See Commonwealth v. Chopak*, 615 A.2d 696, 700 (Pa. 1992) (regarding issue of the defendant's competence, appellate courts recognize significance of and give deference to trial judge's determination of competency based upon trial judge's ability to watch and evaluate the defendant during proceedings). Consequently, we cannot say the trial court abused its discretion in denying Appellant's continuance request to allow an additional further competency

evaluation. *See Sandusky*, 77 A.3d at 671. Therefore, no relief is due on this issue.

Appellant next argues that the trial court abused its discretion in determining that his waiver of a jury trial was knowing and intelligent. *See* Appellant's Brief at 14-17. Appellant cites multiple instances from the jury waiver colloquy to support his allegation that his confusion between a jury trial and a bench trial rendered his waiver decision to be unknowing. *See id*. at 15. Appellant concludes his argument stating:

> [Appellant] did not knowingly and voluntarily waive his right to a jury trial because he did not understand that right. The record reflects that counsel properly advised the lower court that [Appellant] was confused and did not understand the proceedings. The lower court abused its discretion by ignoring the confusion and proceeding with a bench trial. As a result, this Court should vacate [Appellant's] convictions and remand for a jury trial.

*Id*. at 16-17.

Both the United States and Pennsylvania Constitutions guarantee criminal defendants a right to a trial by jury. U.S. Constitution, Amendment VI; Pa. Constitution, Article I, § 6. Under Rule 620 of the Pennsylvania Rules of Criminal Procedure, "the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury." Pa.R.Crim.P. 620. "The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record." *Id.*

"To be valid, it is well settled that a jury waiver must be knowing and voluntary, and the accused must be aware of the essential ingredients inherent to a jury trial." **Commonwealth v. Houck**, 948 A.2d 780, 787 (Pa. 2008) (citations omitted). "[T]he three ingredients are: 1) that the jury be chosen from members of the community (*i.e.,* a jury of one's peers), 2) that the accused be allowed to participate in the selection of the jury panel, and 3) that the verdict be unanimous." **Id.** (citation omitted). Finally, we observe that a written jury waiver colloquy alone, without benefit of an oral colloquy, is *prima facie* evidence of a valid waiver of a jury trial. **See Commonwealth v. Mallory**, 941 A.2d 686, 697 (Pa. 2008).

Our review of the record reflects that on February 1, 2023, Appellant signed a written jury trial waiver. In the document, Appellant was advised of the three requisite ingredients of a jury trial, acknowledged that he understood his right to a trial by jury, and voluntarily waived his right. **See** Waiver of Jury Trial, 2/1/23, at 1. Such a document evinces a valid waiver of a jury trial by Appellant. **See Mallory**, 941 A.2d at 697. Additionally, the trial court conducted a colloquy and ascertained that Appellant was knowingly, voluntarily, and intelligently waiving his right to a jury trial.

In addressing this issue, the trial court observed that "the record is replete with evidence that this court adequately colloquied the Appellant[.]" Trial Court Opinion, 11/1/23, at 6. The trial court offered five instances from the notes of testimony reflecting Appellant's active participation in and

understanding of the colloquy being conducted by the trial court. *See id*. at 6-7.[2] The trial court aptly concluded, "The colloquy between this [c]ourt and the Appellant spans 20 pages of the Notes of Testimony of the waiver trial in this matter. The above [five] excerpts reveal only a small portion of the on-the-record colloquy showing that Appellant competently waived his right to a jury trial knowingly, voluntarily, and intelligently." *Id*. at 7.

On this record, we agree with the trial court's determination that Appellant's waiver was knowing, voluntary, and intelligent. Because the conclusion of the trial court that Appellant's jury trial waiver was valid is supported by evidence of record, Appellant's claim lacks merit.

Appellant last argues that the Commonwealth did not present sufficient evidence to prove the crimes of aggravated assault and robbery. *See* Appellant's Brief at 17-21. In his appellate brief, he contends that there is no evidence that he intended to cause serious bodily injury to support the aggravated assault conviction. *See id*. at 17-20. He also asserts that the

_____

[2] From the extensive colloquy, the trial court quoted excerpts reflecting Appellant's understanding of: (1) the difference between a waiver and a jury trial, (2) the fact that the jury must all agree for a conviction; (3) the sentence would be imposed by a judge following a jury trial and not the jury in the event of a conviction; and Appellant's expression that: (4) he wanted to proceed to trial, and (5) he affirmatively chose a bench trial. *See* Trial Court Opinion, 11/1/23, at 6-7.

Commonwealth did not establish Appellant's intent to take property to support a robbery conviction.  *See id*. at 20-21.[3]

To preserve a claim that the evidence presented at trial was insufficient, an appellant's Pa.R.A.P. 1925(b) statement must specify the element or elements of each conviction upon which the evidence was insufficient.  *See Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020); *see also Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa Super. 2013) (holding that to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient).  This Court can then analyze the element or elements on appeal.

_____

[3] We note that a sufficiency of the evidence review does not include an assessment of the credibility of the evidence offered by the Commonwealth. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003). Such a claim is more properly characterized as a weight of the evidence challenge.  *Id*.  Indeed, a challenge to the weight of the evidence questions which evidence is to be believed.  *See Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006).  Therefore, to the extent Appellant's argument presents a challenge to the weight of the evidence, such a claim is waived.  Pennsylvania Rule of Criminal Procedure 607 and its comment instruct that, in order to preserve for appellate review a claim that a verdict is against the weight of the evidence, the issue must be raised with the trial judge in a motion for a new trial either orally prior to sentencing, by written motion prior to sentencing, or in a post-sentence motion.  *See* Pa.R.Crim.P. 607.  Here, Appellant never filed with the trial court an oral or written motion for a new trial prior to sentencing, or a post-sentence motion challenging the weight of the evidence.  Accordingly, we conclude that any argument challenging the weight of the evidence is waived.  *See* Pa.R.Crim.P. 607; *Commonwealth v. Butler*, 729 A.2d 1134 (Pa. Super. 1999) (holding that a challenge to the weight of the evidence is waived for failure to present the issue first to the trial court).

*See Bonnett*, 239 A.3d at 1106. Where a Rule 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal. *Id*.

Here, the trial court directed Appellant to file a concise statement of errors to be raised on appeal pursuant to Rule 1925(b). Appellant's Pa.R.A.P. 1925(b) statement presents the following pertinent issue, which fails to specify the elements of the crimes allegedly not proven by the Commonwealth:

> 3. The evidence was insufficient to prove aggravated assault (count one), robbery (count two), attempted theft (count six), possessing an instrument of crime (count seven), criminal mischief (count eight), simple assault (count nine), and recklessly endangering another person (count ten). The evidence did not establish the requisite mens rea for any of those charges because he attempted to sell an item to the store's proprietor. [Appellant] never stole – or attempted to steal – anything. And [Appellant] only retrieved his firearm after the store's proprietor attacked him with a baseball bat. As such, he was justified in defending himself.

Rule 1925(b) Statement (Record Entry 28), 10/23/23, at 1-2 (unnumbered). Beyond a broad allegation of a lack of mens rea, in his Rule 1925(b) statement, Appellant did not identify the elements of any of the seven listed crimes which allegedly went unproven at trial.

Consequently, in addressing this claim in its Pa.R.A.P. 1925(a) opinion, the trial court stated the following:

> Appellant alleges that the evidence in the matter at bar did not establish the requisite mens rea for any of the charges for which he was convicted. ... Instead, the Appellant offers a defense of self-defense to negate the pertinent mens rea for seven different charges. The Appellant's statement does not specify how

the Commonwealth failed to prove beyond a reasonable doubt the elements of the crimes set forth in the record. As such, his claim that the evidence presented at trial was insufficient is invalid.

Trial Court Opinion, 4/6/15, at 2. We agree Appellant has failed to identify the particular elements of the mentioned crimes that were allegedly not established by the Commonwealth. Consequently, Appellant's non-specific claim challenging the sufficiency of the evidence is waived.

Even if we were to address the merits of Appellant's waived sufficiency claim, we would conclude that it lacks merit. As previously noted, in his brief to this Court, Appellant focuses his claim on his convictions of aggravated assault and robbery.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting

*Commonwealth v. Emler*, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

Regarding aggravated assault, Appellant contends that there is no evidence that he intended to cause serious bodily injury to support the conviction. *See* Appellant's Brief at 17-20.

The crime of aggravated assault is set forth at 18 Pa.C.S. § 2702 and provides in relevant part as follows:

> **(a) Offense defined.—**A person is guilty of aggravated assault if he:
>
>> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . .

18 Pa.C.S. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

The Commonwealth, in sustaining an aggravated assault conviction, need only show the defendant attempted to cause serious bodily injury to another, not that serious bodily injury actually occurred. *Commonwealth v. Galindes*, 786 A.2d 1004, 1012 (Pa. Super. 2001). Attempt, for aggravated assault purposes, is found where the accused intentionally acts in a manner that constitutes a substantial or significant step toward perpetrating serious bodily injury upon another. *Id.* The Commonwealth can establish specific intent from the circumstances surrounding the incident. *Id*. Also, we are mindful that in *Commonwealth v. Robertson*, 874 A.2d 1200, 1207 (Pa.

Super. 2005), we specifically characterized the stomach as a vital area of the body.

Our review of the record reflects that during the incident between Appellant and Mr. Tehlan, Appellant pulled out a gun and placed it at Mr. Tehlan's stomach. *See* N.T., 2/1/23, at 31-32. Subsequently, Appellant and Mr. Tehlan struggled over possession of the firearm and the gun was fired. During the tumult, Mr. Tehlan injured his right hand, which required him to endure surgery to address tendon and ligament breaks. *See id*. at 40-42. The injury also required Mr. Tehlan to undergo multiple months of physical therapy, and at the time of trial he could not completely close his right hand. *See id*. at 42. These facts were sufficient for the trial court, sitting as the finder of fact, to conclude that Appellant attempted to cause serious bodily injury when he pointed a loaded gun at Mr. Tehlan's stomach, a vital part of the body. Further, the facts support the conclusion that Appellant recklessly caused serious bodily injury to Mr. Tehlan's hand when Appellant grappled with Mr. Tehlan for control of the firearm.

Having thoroughly reviewed the certified record before us on appeal, we agree with the trial court's verdict that the Commonwealth presented sufficient evidence to establish beyond a reasonable doubt that Appellant committed the crime of aggravated assault. Accordingly, Appellant's contrary assertion lacks merit.

We next address Appellant's challenge to his robbery conviction. Specifically, he asserts that the Commonwealth did not establish his intent to take property to support a guilty verdict. *See id*. at 20-21. Appellant claims that "[he] tried to sell a stuffed animal and a handbag. He did not demand money." *Id*. at 20. Appellant argues that the Commonwealth failed to prove he had the requisite intent to deprive Mr. Tehlan of his belongings.

Pursuant to the Crimes Code, a robbery, as a felony of the first-degree, is defined in pertinent part as follows:

> (a) A person is guilty of robbery if, in the course of committing a theft, he:
>
> > (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury.

18 Pa.C.S. § 3701(a)(1)(ii). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S. § 3701(a)(2). *See Commonwealth v. Sanchez*, 36 A.3d 24, 41 (Pa. 2011) ("That circumstances made it such that appellant and his accomplices failed to obtain and remove money (or other valuables) is irrelevant because proof of an attempted theft is sufficient to establish the 'in the course of committing a theft' element of robbery.")

An attempted theft is committed when a person, with intent to commit a theft, does any act which constitutes a substantial step toward commission of the theft. *See* 18 Pa.C.S. § 901(a). A person commits a theft if he or she "unlawfully takes . . . movable property of another with intent to deprive him

thereof." 18 Pa.C.S. § 3921(a). Considering these statutory definitions, the Commonwealth must prove beyond a reasonable doubt that Appellant, with the intent to take property from Mr. Tehlan and deprive him of the property, took a substantial step toward those ends.

At Appellant's non-jury trial, Mr. Tehlan testified concerning the incident and explained that after he asked Appellant to leave his store, Appellant took a gun out of a bag and placed it at Mr. Tehlan's stomach. *See* N.T., 2/1/23, at 31. Mr. Tehlan attested that Appellant then repeatedly stated, "[G]ive me the money. Give [me] the money." *Id*. at 32.

Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that the evidence was sufficient to support Appellant's conviction of robbery. Contrary to Appellant's protestations that he was merely trying to sell random items to the victim, this evidence adduced by the Commonwealth was sufficient, as a matter of law, to prove Appellant attempted to take property from Mr. Tehlan at gunpoint with the intent to deprive him of his property. Therefore, Appellant's claim that there was no evidence that he intended to deprive the victim of his belongings is belied by the record.

Judgment of sentence affirmed.

This decision was reached prior to the retirement of Judge Colins.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/10/2025</u>